UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

ODELL MARTIN, JR.,

    Petitioner,

v.

WARDEN AT FCI MANCHESTER,

    Respondent.

Civil Action No. 6:22-178-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Odell Martin, Jr. is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without a lawyer, Martin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny Martin's petition.

In 2013, Martin pled guilty to one count of conspiracy to conduct a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(d) and 1963(a). *United States v. Odell Martin, Jr.*, No. 3:12-cr-00513 (D.S.C. 2013). The trial court sentenced Martin to 240 months in prison. *See id.* Martin then filed a direct appeal, but the United States Court of Appeals for the Fourth Circuit affirmed the trial court's judgment. *See United States v. Odell Martin, Jr.*, No. 13-4798 (4th Cir. 2014).

Martin has now filed a § 2241 petition with this Court. [R. 1]. Martin's petition is difficult to follow, but, as best as the Court can tell, he is trying to collaterally attack his underlying sentence; after all, Martin's sole claim, in his own words, is that his "sentence is unconstitutional

because he is actually innocent of the prior armed robbery offense included in his relevant conduct, which was used to calculate his Total Offense Level." [R. 1 at 6; R. 1-1 at 2]. Ultimately, Martin asks this Court to vacate his sentence. [R. 1 at 8; R. 1-1 at 25].

Martin's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying sentence. While a federal prisoner may challenge the legality of his sentence in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Martin cannot use a § 2241 petition as a way of challenging his sentence.

It is true that there is a narrow exception under which federal prisoners have been permitted to challenge their sentences in a § 2241 petition. *See Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). However, in *Hill*, the United States Court of Appeals for the Sixth Circuit expressly limited its decision to the following, very narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600. The Sixth Circuit has also subsequently explained that, in order to proceed under § 2241, the prisoner "must show 'that he had no prior reasonable opportunity to'" present his arguments in earlier proceedings pursuant to 28 U.S.C. § 2255. *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019)).

Martin has not met the foregoing requirements. For starters, the trial court sentenced Martin under the advisory guidelines regime years after the Supreme Court decided *Booker*. On this basis alone, Martin's challenge to his sentence does not fall within *Hill*'s narrow framework. *See Loza-Gracia v. Streeval*, No. 18-5923 (6th Cir. March 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v. Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence"). Therefore, Martin's attack on his sentence does not even get off the ground.

Moreover, even if Martin had been sentenced at a different time, he has not clearly identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that is even relevant to his case let alone establishes that his sentence was somehow improperly enhanced. Instead, Martin appears to make constitutional (not statutory) arguments, cite Supreme Court cases that predated his sentence, and rely on more recent federal circuit court case law rather than Supreme Court decisions, as required in order to proceed via § 2241. [*See* R. 1 and R. 1-1 at 12-24].

For the foregoing reasons, Martin's petition constitutes an impermissible collateral attack on his underlying sentence. Therefore, this Court may not entertain his § 2241 petition and will dismiss it for lack of subject-matter jurisdiction. *See Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021).

Accordingly, it is **ORDERED** as follows:

1. Martin's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DISMISSED** for lack of subject-matter jurisdiction.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 1st day of October, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY